**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FORT PIERCE DIVISION
Case No.:

TERRI SHAVER,

     Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Terri Shaver, files her Complaint against Defendant, The Prudential Insurance Company of America, and states:

### I.  JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Terri Shaver ("Mrs. Shaver"), is a resident of St. Lucie County, Florida, and was at all times relevant a participant of the long-term disability insurance Policy at issue ("LTD Policy").

3. Defendant, The Prudential Insurance Company of America ("Defendant"), is the insurer and claims administrator of the LTD Policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.    FACTS

4.      At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

5.      At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

6.      Mrs. Shaver was employed with Johnson & Johnson as a pharmaceutical sales representative. By virtue of her employment at Johnson & Johnson, Mrs. Shaver was an eligible participant of the LTD Policy at all times material to this action.

7.      The purpose of the LTD Policy was to provide Mrs. Shaver a monthly benefit in the event that she became disabled ("LTD benefit").

8.      The LTD Policy defines Total Disability or Totally Disabled, in pertinent part, as follows:

> *During the elimination period you are disabled when Prudential determines that:*
>
> *• you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury,*
>
> *• you are under the regular care of a doctor,*
>
> *• you are receiving payments under the short term disability plan sponsored by the Contract Holder.*
>
> *After the elimination period, you are disabled when Prudential determines that:*
>
> *• you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;*
>
> *• you are under the regular care of a doctor;*

*• you have received 26 weeks of continuous payments under the short term disability plan sponsored by the Contract Holder; and*

*• you have a 20% or more loss in your monthly earnings due to that sickness or injury.*

*After 12 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*

*• you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and*

*• you are under the regular care of a doctor.*

*. . .*

*Gainful occupation means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:*

*• 60% of your monthly earnings, if you are working; or*

*• 60% of your monthly earnings, if you are not working.*

*. . . .*

9. Mrs. Shaver has suffered, and continues to suffer, from a number of medical conditions, including, but not limited to, anxiety, depression, and panic disorder.

10. Mrs. Shaver has been unable to perform the material duties of her regular occupation or any reasonable gainful occupation. Mrs. Shaver is disabled under the terms of the LTD Policy.

11. Mrs. Shaver was forced to discontinue working in March 2018 due to her disabling conditions.

12. In accordance with the procedures set forth by the LTD Policy, Mrs. Shaver notified Defendant that she was disabled.

13. Defendant acknowledged Mrs. Shaver's disability under the LTD Policy, and accepted liability by paying LTD benefits every month effective September 4, 2018.

14.     By letter dated January 12, 2024, Defendant terminated Mrs. Shaver's LTD benefits effective January 12, 2024.

15.     Mrs. Shaver timely appealed Defendant's decision to terminate her LTD benefits by letter dated May 9, 2024.

16.     Mrs. Shaver was made to submit to a neuropsychological evaluation by Defendant, which was performed by Dr. Alejandro Arias on December 22, 2023. The neuropsychological report supported that Mrs. Shaver continues to experience cognitive symptoms that were disabling.

17.     In support of her appeal, Mrs. Shaver submitted additional evidence of her disability, including an independent review of her December 22, 2023 neuropsychological evaluation, a letter of support from her treating psychologist, and updated medical records.

18.     In his letter, Mrs. Shaver's treating psychologist, Dr. Dan Sands, confirms she does not have the capacity to return to full-time work due to her severe anxiety and panic disorder.

19.     Specifically, Dr. Sands describes the continued severe physical symptoms that keep Mrs. Shaver from working as follows:

> [Mrs. Shaver's] symptoms tend to mimic the signs and symptoms of a heart attack with chest pains, shortness of breath, tiredness/fatigue, insomnia and loss of muscle control . . .  Loss of muscle control can affect her ability to control [and] use her hands, feet, bladder, and bowel.
>
> . . .
>
> As these symptoms wax and wane they have a strong negative effect on her ability to work in a consistent and reliable basis.

20.     In addition, in his letter, Dr. Sands confirms Mrs. Shaver suffers from "lingering debilitating effects" from her panic attacks and medication, which can last up to seventy-two (72) hours.

4

21.     Based upon his independent review of Prudential's December 22, 2023 neuropsychological evaluation and test data, board certified clinical neuropsychologist and rehabilitation psychologist Dr. Steven Rothke confirmed the testing supported the presence of cognitive impairment and that the testing is valid.

22.     By letter dated May 23, 2024, Defendant acknowledged receipt of Mrs. Shaver's appeal on May 9, 2024.

23.     By letter dated June 14, 2024, Defendant advised Mrs. Shaver that it needs a 30-day extension to make its appeal decision because it referred the claim file out for a medical review and was still waiting on the report.

24.     Also on June 14, 2024, Mrs. Shaver reminded Defendant that ERISA requires that a valid benefit determination on review must determine whether a claimant is entitled to benefits within 45 days of when Defendant received the claimant's appeal.

25.     ERISA and 29 CFR 2560.503-1(i)(3)(i) require that a plan administrator notify the claimant of the plan's benefit determination on review no later than 45 days after receipt of claimant's appeal letter, unless there are special circumstances that require an extension. The plan administrator must indicate the special circumstances that require an extension of time.

26.     Defendant's 45-day deadline to render a decision on Mrs. Shaver's appeal fell on June 24, 2024.

27.     By letter dated June 25, 2024, Mrs. Shaver advised Defendant that it is in violation of ERISA regulations. She further advised that she would exercise her right under ERISA to file a lawsuit should it fail to provide her with a final benefit determination by July 3, 2024.

28.     By letter dated June 27, 2024, Defendant notified Mrs. Shaver that it requires an extension of time to complete its appeal review to conduct a second neuropsychological evaluation of Mrs. Shaver.

29.     By letter dated July 1, 2024, Mrs. Shaver advised Defendant that its request for a second neuropsychological evaluation is late as it comes 45 days after receipt of Mrs. Shaver's appeal.

30.     Defendant did not provide Mrs. Shaver with a final benefit determination on or before June 24, 2024.

31.     To date, Defendant has failed to provide Mrs. Shaver with a final appeal decision.

32.     Defendant has refused to render a final determination as to whether Mrs. Shaver is entitled to LTD benefits in the time period allowed under ERISA.

33.     Mrs. Shaver's claim for LTD benefits is deemed denied by Defendant's failure to render a timely decision.

34.     Defendant did not have valid special circumstances beyond its control as required by ERISA to justify an extension of its 45-day deadline.

35.      Due to Defendant's failure to strictly comply with ERISA's regulatory deadline, Mrs. Shaver has exhausted her administrative remedies.

36.     Mrs. Shaver exhausted her appeals under ERISA.

37.     The termination of Mrs. Shaver's LTD benefits was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

38.     Defendant's termination of Mrs. Shaver's LTD benefits breached the fiduciary duties owed to her under ERISA. Defendant further failed to discharge its duties in respect to

discretionary claims processing solely in the interests of Mrs. Shaver as a participant of the LTD Policy.

39.     Defendant has failed and refused to render a LTD benefit decision in the time period allowed under ERISA and so Mrs. Shaver's appeal is deemed denied.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Mrs. Shaver incorporates the allegations contained in Paragraphs 1 through 39 as if fully stated herein and says further that:

40.     Mrs. Shaver is entitled to certain benefits of the LTD Policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

41.     Mrs. Shaver is entitled to the LTD benefits identified herein because:

    a.   the LTD benefits are permitted benefits under the LTD Policy;

    b.   Mrs. Shaver has satisfied all conditions to be eligible to receive the LTD benefits;

    c.   Mrs. Shaver has not waived or otherwise relinquished her entitlements to the LTD benefits.

42.     Defendant has refused to pay the LTD benefits sought by Mrs. Shaver, ignoring the medical records and clear opinions of her treating and independent providers.

### V. RELIEF REQUESTED

Mrs. Shaver incorporates the allegations contained in Paragraph 1 through 42 as if fully stated herein and says further that:

43.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Mrs. Shaver unpaid LTD benefits, plus interest.

44.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. §1132(g)(1) Mrs. Shaver is entitled to reasonable attorney's fees and costs of this action.

45.     Defendant is also liable to place Mrs. Shaver in the position she would have enjoyed under the LTD Policy had she not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Traci Shaver, prays for a judgment against Defendant, The Prudential Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 30th day of July 2024.*

*/s/ Latanae L. Parker*
Latanae L. Parker (FBN. 76591)
latanae@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff*